## MRS. BERTHA PENNINGTON V. THE STATE.

No. 10631.    Delivered March 2, 1927.

**Abusive Language—Information and Complaint—Insufficient.**

The purpose of our law denouncing the offense of using abusive language is to prevent a breach of the peace by penalizing the use of such language *in the presence and hearing* of the person abused, concerning him, or his female relations. The omission to charge in the information and complaint now being considered, that the abusive language was uttered in the presence and hearing of J. D. Downs, is, under the pleading, insufficient to change the offense attempted.

Appeal from the County Court of Parker County. Tried below before the Hon. J. E. Carter, Judge.

Appeal from a conviction for the use of abusive language, penalty a fine of five dollars.

The opinion states the case.

*Hood & Shadle* of Weatherford, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Abusive language is the offense, punishment fixed at a fine of five dollars.

From the information we take the following quotation:

" * * * one Mrs. Bertha Pennington, late of said county and state, did, in the presence and hearing of Mrs. Eula Downs, curse and abuse J. D. Downs, and did then and there use violently abusive language to the said J. D. Downs concerning him and his wife, Mrs. Eula Downs, under circumstances reasonably calculated to provoke a breach of the peace."

The complaint and information are attacked upon the following ground:

"And the complaint and information in this cause and each of them do not anywhere or place therein allege that the cursing or abusive language was done in the presence and hearing of the alleged injured party, to-wit: J. D. Downs, but specifically alleges that the same was in the presence and hearing of Mrs. Eula Downs, another and different person than the alleged injured party, rendering said complaint and information and each of them fatally defective and of no force and effect."

The statute, Art. 482, P. C., 1925, reads thus:

"Any person who shall in the presence or hearing of another curse or abuse such person, or use any violently abusive language to such person concerning him or any of his female relatives, under circumstances reasonably calculated to provoke a breach of the peace, shall be fined not more than one hundred dollars."

The purpose of the law is to prevent a *breach of the peace* by penalizing the use of violently abusive language *in the presence and hearing of* the person abused, concerning him or his female relation. The omission to charge in the information that the abusive language was uttered in the presence and hearing of J. D. Downs is, under the pleading, insufficient to charge the offense attempted.

The statement that "violently abusive language was used in the presence of Mrs. Eula Downs concerning J. D. Downs" is not within the terms of the statute, J. D. Downs not being a female relation of Mrs. Eula Downs. The statement that appellant used "violently abusive language to J. D. Downs concerning him and his wife" is not within the statute because it fails to aver that the language was used in his presence or hearing.

For the reasons stated, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*